UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAVON MOORE,

                           Plaintiff,        **REPORT AND RECOMMENDATION**
                                                      **07 CV 1539 (CBA) (LB)**

-against-

DETECTIVE ISAAC WRIGHT; and,
DETECTIVE JOHN DOES (his partners),

                           Defendants.

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        On January 20, 2007, plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the Southern District of New York alleging defendants used excessive force during his arrest. The case was transferred here on March 27, 2007. By Memorandum and Order dated April 23, 2007, the Honorable Carol B. Amon dismissed the Police Department and the 103rd Precinct as defendants. This matter was thereafter referred to me for pretrial supervision.

        On October 22, 2007, the Court scheduled an initial telephonic conference for December 4, 2007. Before the scheduled conference date, defendants' counsel informed the Court that plaintiff had been released from Rikers Island and advised the Court of plaintiff's last-known, pre-arrest address on file with the Department of Corrections. The Court therefore rescheduled the initial conference for January 8, 2008 at 3:30 p.m. in Court.

        Plaintiff failed to appear for the conference on January 8th as ordered and did not contact either the Court or defendants' counsel. The Court ordered plaintiff to timely appear for a rescheduled initial conference on February 5, 2008 at 1:30 p.m. and to show cause why he failed to appear as ordered for the January 8, 2008 conference. See docket entry 18. The Court warned plaintiff that if he failed to timely appear on February 5, 2008 and show good cause for his failure

to appear on January 8th, I would recommend that this case should be dismissed. Plaintiff failed to appear for the February 5th conference as ordered and has not contacted the Court or defendants' counsel. The Court's orders, which were sent to plaintiff at his last-know, pre-arrest address, were not returned to the Court. For these reasons, it is respectfully recommended pursuant to 28 U.S.C. § 636(b) that plaintiff's case should be dismissed.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[i]f a party or a party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Under Rule 37(b)(2)(C), the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2)(C) ("... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) [a]n order ... dismissing the action or proceeding or any part thereof ...."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff was warned by the Court's January 8, 2008 Order that I would recommend that his action should be dismissed if he failed to appear at the February 5, 2008 conference and to show cause why he failed to appear as ordered for the January 8, 2008 conference. That Order, and the previous Order scheduling the January 8, 2008 conference, were sent to plaintiff's last-known, pre-arrest address and have not been returned. Although it is possible that these orders have not reached

2

plaintiff, it is plaintiff's responsibility to keep the Court informed of his current address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997); see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendant of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the Court with notice of a change of address and misses an important deadline as a result of this failure, the Court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* plaintiff's claim under Fed. R. Civ. P. 41(b) when the plaintiff, *inter alia,* failed to inform the court of his current address, causing the court to lose contact with him for two months).

Plaintiff failed, without warning or excuse, to appear for two Court-ordered conferences despite my explicit warnings that I would recommend dismissal if he failed to do so. Plaintiff has not contacted the Court or defendants, or given any indication that he intends to pursue this action since he filed this case on January 20, 2007. It is not an efficient use of the Court's resources to permit this case to linger in the hope that plaintiff will reappear in the future. I therefore recommend that the Court should dismiss plaintiff's action.

## CONCLUSION

Accordingly, it is recommended that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(C).

3

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 8, 2008
Brooklyn, New York

4