UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVON MOORE,

                        Plaintiff,

     -against-

DETECTIVE ISAAC WRIGHT; and,
DETECTIVE JOHN DOES (his partners),

                      Defendants.
----------------------------------------------------------X

**NOT FOR PUBLICATION**
**ORDER**

07-CV-1539(CBA)(LB)

AMON, UNITED STATES DISTRICT JUDGE:

      Plaintiff Davon Moore brought this action pursuant to 42 U.S.C. § 1983, originally seeking damages against defendant Isaac Wright as well as the New York City Police Department and the County of Queens.  By order dated April 25, 2007, I dismissed the claims against the NYPD and the County of Queens, but permitted the case to go forward as to defendant Moore and any John Does.  In that order, I also referred the case to Magistrate Judge Lois Bloom for pretrial supervision.

      Soon after defendant Wright was served with and answered the complaint, Magistrate Judge Bloom scheduled an initial conference, by telephone, for December 4, 2007.  Upon learning that Moore had been released from custody at Rikers Island, Magistrate Judge Bloom postponed the initial telephone conference and rescheduled for January 8, 2008, in Court.  When the plaintiff did not show, Magistrate Judge Bloom rescheduled the initial conference for February 5, 2008 and ordered Moore to appear and show cause as to why he failed to appear on January 8.  She further warned that if he failed to appear and show cause, she would recommend that his case be dismissed.  None of these orders, which were sent to Moore's last known address, were returned to the Clerk of the Court by the postal service.

When Moore again failed to appear, Magistrate Judge Bloom issued a Report and Recommendation recommending that I dismiss this action pursuant to Federal Rules of Civil Procedure 16(f) and 37.[1] The R&R was issued on February 8, 2008. Pursuant to 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b), Moore had 10 business days from the service of the R&R to file written objections. Even assuming Moore did not receive this report in the mail until several days after February 8, his time within which to object has long since expired, and he has not done so (in fact, since he filed the complaint, the Court has not heard from Mr. Moore in any way whatsoever).

Accordingly, the Court hereby adopts Magistrate Judge Blooms R&R. Moore's complaint is dismissed in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED

Dated: Brooklyn, New York
March 28, 2008

CAROL BAGLEY AMON
United States District Judge

---

[1] The Court notes that Rule 37 has recently been amended in form, without an intended change in substance. As a result, the rule providing that an action may be dismissed for the plaintiff's failure to comply with discovery orders (cited by Magistrate Judge Bloom as Rule 37(b)(2)(C)) is now Rule 37(b)(2)(A)(v).